

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re MICHAEL WOLF, | ) | No. 19-cv-01978 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ----------------------------------------------- | ) | |
| | ) | |
| N. NEVILLE REID, not individually, but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Michael A. Wolf, et al., | ) ) ) ) | Judge John J. Tharp, Jr. (Bankr. No. 14 B 27066) (Adv. Proc. 16 AP 00066) |
| Plaintiffs-Appellees, | ) | BANKRUPTCY PROPOSED |
| v. | ) ) | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| MMQB, Inc., | ) | under 28 U.S.C. §157(c) |
| | ) | |
| Defendant-Appellant. | ) | |

## MICHAEL WOLF'S
## MOTION TO QUASH CITATIONS,
## TO STRIKE PLAINTIFFS MOTION FOR RULE TO SHOW CAUSE,
## AND STRIKE PENDING CONTEMPT HEARING,
## <u>ALL FOR IMPROPER SERVICE</u>

After finding out about these pending proceedings via U.S. Mail today (Tuesday, May 30, 2023), I (Michael Wolf) now respectfully move for an order quashing and/or dismissing Plaintiff's multiple citations to discover assets (Dkt. Nos. 57, 59, 60, 61, 62, 63 and 64). These citations were filed from March 3, 2023 through April 24, 2023, and must be quashed and/or dismissed for improper service, as they were not served, at all, on me. Further, the Plaintiff's motion for rule to show cause (Dkt. No. 65) must also be stricken and/or dismissed, as it was not served on me, and did not contain any certificate of service. Finally, the pending contempt hearing must be stricken

1

as the underlying motion and underlying citations were not properly served, and the hearing is in violation of applicable Illinois procedures.

## Notification History

1. I first became aware of these proceedings occurring within case 19-cv-01978, today, on Tuesday, May 30, 2023, when I received a copy in my U.S. mailbox of what appears to be Dkt. No. 69, the Plaintiff's Reply to his motion for rule to show cause.

2. After reading this document, I retrieved the documents entered on the docket within this case since March 3, 2023.

3. After reviewing these documents (which I never received, including the orders of this court), it is clear that under all applicable federal and state law, the relief I am requesting should be granted.

## Applicable Law

4. The citation to discover assets at issue here purports to have been issued under Federal Rule of Civil Procedure 69(a). Rule 69(a) provides that a judgment creditor may enforce a "money judgment" through a "writ of execution." Fed. R. Civ. P. 69(a)(1). To facilitate execution, Rule 69(a)(2) permits the judgment creditor to obtain discovery. Fed. R. Civ. P. 69(a)(2). That discovery is not unbounded; Rule 69 borrows limitations from federal and state law.

5. Rule 69(a)(1) requires that any "proceedings . . . in aid of judgment or execution" (i.e., discovery) "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Hence, any citation proceeding in this Court must comply with Illinois procedure. Under Illinois law, no citation proceeding may be commenced without personal service on the defendant. Ill. Sup. Ct. R. 277(b-c); Ill. Sup. Ct. R. 105(b); Ill. Comp. Stat. 735 ILCS §5/2-203.

**Ill. Sup. Ct. R. 277(b):**
The supplementary proceeding shall be commenced by the service of a citation on the party against whom it is brought.

**Ill. Sup. Ct. R. 277(c):**
The citation shall be served and returned in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default.

**Ill. Sup. Ct. R. 105(b):**
Service. The notice may be served by any of the following methods:

(1) By any method provided by law for service of summons, either within or without this State. Service may be made by an officer or by any person over 18 years of age not a party to the action. Proof of service by an officer may be made by return as in the case of a summons. Otherwise proof of service shall be made by affidavit or by certification, as provided in Section 1-109 of the Code of Civil Procedure, of the server, stating the time, manner, and place of service. The court may consider the affidavit or certification and any other competent proofs in determining whether service has been properly made.

(2) By prepaid certified or registered mail addressed to the party, return receipt requested, showing to whom delivered and the date and address of delivery. The notice shall be sent "restricted delivery" when service is directed to a natural person. Service is not complete until the notice is received by the defendant, and the registry receipt is prima facie evidence thereof.

**Ill. Comp. Stat. 735 ILCS §5/2-203:**
Sec. 2-203. Service on individuals.
   (a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode...

3

**Plaintiff Failed to Properly Serve the Citation**

6. A citation proceeding can only be "commenced by the service of a citation." 735 Ill. Comp. Stat. 735 ILCS §5/2-1402(a). Illinois requires personal service, as shown above. Rule 69 incorporates this requirement for Federal proceedings. *Martin v. C.D. Gray, Inc.*, 110 F.R.D. 398, 401 (N.D. Ill. 1986).

7. The Affidavit of Service, provided by the Plaintiff (Dkt. No. 65-2 listed as "*exhibit b*") and the Return of Service, provided by the Plaintiff (Dkt. No. 63-1), both specifically state that I was not personally served, and as such the Plaintiff did not achieve proper service. Ill. Comp. Stat. 735 ILCS §5/2-203(a)(1-2).

8. Specifically, the individual that attested to making service, H. Glenn Finley, certified and swore, under the penalty of perjury, to the following in both the Affidavit of Service and Return of Service:

> 4/21/2023 9:35 am Attempted service at 320 CENTRAL AVENUE UNIT 141, SARASOTA, FL 34236, The defendant walked past me into the parking garage I called out his name and he refused to turn around and I continued to follow him to his vehicle calling his name. He got into his car and I tried to put the papers on the windshield of his car and he sped away. I was able to identify him as the defendant from the picture that was provided from the client. The documents were taken inside and placed at his condo door.

9. Illinois requires that either (1) a copy of the citation was left with me personally or (2), that a copy was left at my usual place of abode, with some person of my family or other person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons. Ill. Comp. Stat. 735 ILCS §5/2-203(a)(1-2).

10. First, Mr. Finley characterized this as "attempted service", which indicates that Mr. Finley doesn't even believe service was actually completed. Second, Mr. Finley admitted to leaving the citation documents "at my condo door", not with an actual person.

11. I don't live in a condominium; however, I do live in an apartment at 320 Central Avenue. I did not receive any citation documents "at my door" on April 21, 2023, or at any other time. I do not recall the interaction as described by H. Glenn Finley, and do not remember anyone on April 21, 2023 (or at any other time) following me to my car or calling my name, and do not recall ever leaving in my vehicle (on April 21, 2023 or at any other time) with someone standing next to my car and trying to place documents on my windshield as I was leaving.

12. Illinois law is clear that the citation must have been left with me personally, or left personally with someone else, at my apartment, after they were informed of the contents of the summons. This did not happen, as admitted by individual, H. Glenn Finley, who signed both the Return of Service and the Affidavit of Service.

13. Since the only "proof of service" provided by the Plaintiff admits and demonstrates that proper service, under Illinois law, did not occur, all of the citations must be quashed. *Rubin, et al v. Islamic Republic, et al*, No. 1:2003cv09370 - Document 725 (N.D. Ill. 2016) ("Plaintiffs are not allowed to devise their own method of service without leave of the court.").

**Plaintiff's Motion for Rule to Show Cause Must be Stricken**

14. On May 9, 2023, Plaintiff filed his motion for rule to show cause, arguing that I should be held in contempt and ordered to respond to the citations (Dkt. No. 65). As already demonstrated, the citations were not properly served under Illinois law, and therefore must be quashed.

5

15. However, the Plaintiff's motion should also be stricken, as a certificate of service was not included and was never filed – which is required under all applicable rules. Fed. R. Civ. P. 5(d)(1).

16. Further, the Local Rules of the Northern District of Illinois also specifically require a certificate of service to be filed. Local Rule 5.5.

17. In his motion for rule to show cause, Plaintiff states, at paragraph 8, that "Michael Wolf is on the ECF/CM electronic service list and therefore received a copy of the Notice of Alias Citation (including a copy of the Alias Citation) through the ECF/CM service list." (Dkt. No. 65 at ¶ 8).

**18. However, this is incorrect.**

19. I am **not** on the ECF/CM electronic service list with regards to case 19-cv-01978. There is no email address, physical address or appearance showing for me on ECF/CM. As such, I was **not** electronically notified of the motion, and therefore the Plaintiff was required to serve said motion on me, and provide a certificate of service. He did not.

20. Further, Plaintiff **specifically lied** about my status as an ECF/CM electronic service participant. Plaintiff was and is aware, that I was not and am not registered on the ECF/CM electronic service list within this case.

21. The document I received in the mail today, the Plaintiff's reply in support of his motion for a rule to show cause (Dkt. No. 69), **does** contain a certificate of service, and specifically contains a "SERVICE LIST" that indicates who will receive service via ECF, and who will receive service via U.S. Mail or e-mail. My name **does not appear** as a party who will receive service via ECF, instead my name appears that I will receive service via U.S. Mail and e-mail.

6

22. Therefore, the Plaintiff lied in his motion for rule to show cause, as he knew that I wasn't on the ECF/CM electronic service list, and therefore did not affect service on me (as he did not file a certificate of service and he did not serve the motion upon me via any method). As such, the motion should be stricken under Fed. R. Civ. P. 12(f), in addition to being stricken and/or denied for improper service under Fed. R. Civ. P. 5 and Local Rule 5.5.

**Plantiff's Attempts at Emailing Documents**

23. Within the underlying adversary proceedings in the Bankruptcy Court, I filed a Third-Party Complaint against numerous defendants, including the Trustee and his Special Counsel, for their (still ongoing) participation in a RICO civil conspiracy. Partners and/or members of Nisen & Elliott, LLC, which includes the Trustee's Special Counsel, Daniel P. Dawson, were also named in the suit.

24. In an attempt to mitigate the angry email responses and replies that Mr. Dawson was receiving from his fellow partners and/or members, he instructed a member of his IT staff to "block" emails from wolflegalusa@gmail.com. This occurred sometime in 2017 – 2018, and has resulted in an inability to email anyone at the nisen.com domain (with a reporting error of "550 Administrative prohibition - envelope blocked" being returned to any email sent), and has also caused problems receiving emails from the nisen.com domain, as I did not receive any of these documents via email – and have only received documents over the past years that were sent by the Trustee himself or from other domains outside of the nisen.com domain, such as ECF/CM notifications from other case numbers (as I am not on the ECF/CM service list for this case).

7

**No Servive, Whatsoever, of Court Orders**

25. The citations were not served on me properly, and therefore must be quashed. Further, procedurally, the Trustee's rule to show cause motion must be stricken or dismissed, as it was not served on me in violation of the applicable rules of procedure. I was not aware of any of these citations and/or proceedings.

26. Further, since it has already been demonstrated (by the Plaintiff himself in Dkt. No. 69) that I am **not** on the ECF/CM electronic service list, I did NOT receive notification of any of the "minute orders" entered by this Court. This includes Dkt. No. 66, ordering me on May 15, 2023 to respond to the motion for rule to show cause by May 17, 2023, and Dkt. No. 70, granting the Plaintiff's motion to hold me in contempt and attend an in-person hearing occurring in less than 24 hours.

27. These orders **were not served on me**. They were not emailed to me via ECF/CM, and they were **not** sent to me via U.S. mail, as the ECF/CM system does not list me as being a "represented" party to these proceedings, *pro se* or otherwise. See **Exhibit A.**

28. Even if I did receive email notices of some of these documents (which I did not), that is no excuse for not providing proper service of the underlying citation(s). *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit.") ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process."); *see also Audio Enter., Inc. v. B & W Loudspeakers of Am., a Div. of Equity Int'l Inc.*, 957 F.2d 406, 408 n.2 (7th Cir. 1992) ("[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over defendant in the absence of valid service of process." (internal quotations omitted)).

**Contempt Judgment is Void**

29. Since the citations were not properly served upon me, and the motion for rule to show cause was not properly served on me, and this Court's minute orders were not sent to me, at all, this Court's contempt judgment (entered as a minute order granting the motion for rule to show cause) against me must be vacated, as the Plaintiff did not cause this Court to obtain personal jurisdiction over me in relation to the supplementary proceedings he attempted to initiate via the (improper) service of multiple citations under Illinois law. Fed. R. Civ. P. 60(b)(4).

30. Further, in relation to citations issued under Illinois law, "no order of body attachment or other civil order for the incarceration or detention of a natural person respondent to answer for a charge of indirect civil contempt shall issue unless the respondent has first had an opportunity, after personal service or abode service of notice as provided in Supreme Court Rule 105, to appear in court to show cause why the respondent should not be held in contempt." Ill. Comp. Stat. 735 ILCS §5/12-107.5.

31. The Plaintiff did not obtain personal service upon me of the citations, and did not obtain personal service of the motion for rule to show cause (or any service via any means, whatsoever). As such, these entire proceedings must be quashed and/or stricken due to the numerous procedural defects, lack of personal jurisdiction for the supplemental proceedings, and due to improper service of all documents and orders.

**Conclusion**

In documents filed with is Court, the Plaintiff specifically admits that he did not perfect personal service upon me under Illinois procedure, as the citations were not personally served upon me, and were not personally served to someone over the age of 13 living with me at my principal place of residence. In fact, the documents indicate that there was "attempted service", but that

9

apparently service could not be made on me personally, so instead the citation documents were "left at my condo door". This is not personal service under Illinois law, and as already indicated above and in my affidavit, no such citation documents were left at my door, and at no time was anyone running after me or attempting to place documents on the windshield of my vehicle.

Further, the Plaintiff's motion for rule to show cause was not properly served upon me, did not contain a certificate of service, incorrectly states that I am on the ECF/CM service list (when the Plaintiff's own subsequent reply states that I am NOT on the ECF/CM service list), and therefore none of his documents or motions or filings were properly served upon me, including orders of this Court, as they were not sent to me via ECF/CM or via email, and were not sent to me via U.S. mail, as I am not even a registered participant in the above captioned proceedings, which are closed.

Finally, since Illinois procedure must be followed, the Plaintiff was required to personally serve (or adobe serve) me with any motion that could have resulted in a body attachment or other civil order for incarceration. This did not happen.

Therefore, the citations must be quashed and/or dismissed. The motion for rule to show cause must be denied and/or stricken and/or found to be moot, and any orders entered in relation to said motion must be stricken and/or vacated and/or voided.

Dated: May 30, 2023

Prepared By:
320 Central Avenue, Unit 141
Sarasota, Florida 34236
404-654-0513
wolflegalusa@gmail.com

Respectfully Submitted,

/s/Michael Wolf
Michael Wolf, *pro se*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re MICHAEL WOLF,<br><br>    Debtor.<br>-----------------------------------------------<br><br>N. NEVILLE REID, not individually, but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Michael A. Wolf, et al.,<br><br>    Plaintiffs-Appellees,<br><br>    v.<br><br>MMQB, Inc.,<br><br>    Defendant-Appellant. | No. 19-cv-01978<br><br>Judge John J. Tharp, Jr.<br><br>(Bankr. No. 14 B 27066)<br>(Adv. Proc. 16 AP 00066)<br><br>BANKRUPTCY PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW under 28 U.S.C. §157(c) |

## AFFIDAVIT OF MICHAEL WOLF

I, Michael Wolf, being fully sworn and under oath, state as follows:

1. I don't live in a condominium; however, I do live in an apartment at 320 Central Avenue. I did not receive any citation documents "at my door" on April 21, 2023, or at any other time. I do not recall the interaction as described by H. Glenn Finley, and do not remember anyone on April 21, 2023 (or at any other time) following me to my car or calling my name, and do not recall ever leaving in my vehicle (on April 21, 2023 or at any other time) with someone standing next to my car and trying to place documents on my windshield as I was leaving.

2. I am not on the ECF/CM service list for 19-cv-01978.

11

3.      I did not receive any of the related documents via email, and I did not receive any of the court "minute orders" via email or via U.S. mail, as the ECF/CM system doesn't even have an email address or a mailing address for me in relation to 19-cv-01978.

4.      Mr. Dawson filed a document on May 24, 2023 (Dkt. No. 69), which included a certificate of service indicating that I am **NOT** on the ECF/CM electronic service list for 19-cv-01978, even though he filed an earlier document stating that I am on said list.

5.      I first became aware of these proceedings occurring within case 19-cv-01978, today, on Tuesday, May 30, 2023, at 9:15 PM, when I received a copy in my U.S. mailbox of what appears to be Dkt. No. 69, the Plaintiff's Reply to his motion for rule to show cause.

Dated: May 30, 2023

/s/Michael Wolf

# CERTIFICATE OF SERVICE

I, Michael Wolf, hereby certify that I caused a true and correct copy of the foregoing *MICHAEL WOLF'S MOTION TO QUASH CITATIONS, TO STRIKE PLAINTIFFS MOTION FOR RULE TO SHOW CAUSE, AND STRIKE PENDING CONTEMPT HEARING, ALL FOR IMPROPER SERVICE*, and the documents referred to therein, to be served on the parties listed below via third-party commercial carrier and/or mail, and/or via email, and/or via fax, as well as electronically via the Court's CM/ECF system (all as indicated below on the service list), on the either the 30th or 31st day of May, 2023 (depending on the time zone).

**SERVICE LIST**

via ELECTRONIC MAIL (and via CM/ECF where noted):

| | | |
|---|---|---|
| N. Neville Reid | CM/ECF | nreid@foxswibel.com |
| Daniel Patrick Dawson | CM/ECF | adrag@nisen.com, ddawson@nisen.com |

Dated: May 30, 2023

/s/Michael Wolf

# EXHIBIT A

**1:19-cv-01978** N.Neville Reid not individually et al v. Wolf
John J. Tharp, Jr, presiding
**Date filed:** 03/21/2019
**Date terminated:** 09/30/2022
**Date of last filing:** 05/25/2023

# Parties

**Four Legs, Inc.**
*Added: 03/21/2019*
*(Defendant)*

**Hound Ventures, Inc.**
*Added: 03/21/2019*
*(Defendant)*

**MMQB, Inc.**
*Added: 03/21/2019*
*(Defendant)*

**Ma Cherie LLC**
*Added: 03/21/2019*
*(Defendant)*

| | | |
|---|---|---|
| **N. Neville Reid**<br>not individually, but solely in his capacity as Chapter 7 Trustee for the Bankruptcy<br><br>*Added: 03/21/2019*<br>*(Plaintiff)* | represented by | **Daniel Patrick Dawson**<br>Nisen & Elliott, LLC<br>180 N. LaSalle Street<br>Suite 3600<br>Chicago, IL 60601<br>312-346-7800<br>ddawson@nisen.com<br>*Assigned: 07/11/2019*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**SHBM, Inc.**
*Added: 03/21/2019*
*(Defendant)*

| | | |
|---|---|---|
| **Service List**<br>*Added: 03/21/2019* | represented by | **Judge Thorne**<br>United States Bankruptcy Court<br>Chicago, IL 60604<br>312-435-5654<br>Not a member (fax) |

*Assigned: 03/21/2019*
*ATTORNEY TO BE NOTICED*

**U.S. Bankruptcy Court, Clerk**
Clerk
U.S. Bankruptcy Court
219 South Dearborn Street
Chicago, IL 60604
312-435-5694
Not a member (fax)
ilnb_appeals@ilnb.uscourts.gov
*Assigned: 03/21/2019*
*ATTORNEY TO BE NOTICED*

**United States Trustee**
Office of the United States
Trustee
219 South Dearborn Street
Suite 873
Chicago, IL 60604
(312) 886-5782
US Govt Attorney (fax)
pat.s.layng@usdoj.gov
*Assigned: 03/21/2019*
*ATTORNEY TO BE NOTICED*

**Melissa Skolnick**
*Added: 03/21/2019*
*(Defendant)*

**Michael Wolf**
*Added: 03/21/2019*
*(Defendant)*

**Peter Wolf**
*Added: 03/21/2019*
*(Defendant)*

**Scott Wolf**
320 Central Avenue, Unit 141
Sarasora, FL 34236
scottwolf.0330@gmail.com
*Added: 03/21/2019*

(Defendant)
PRO SE

**ZZC, Inc. (DE)**
Added: 03/21/2019
(Defendant)

**ZZC, Inc. (IL)**
Added: 03/21/2019
(Defendant)

**Zig-Zag, Corp.**
Added: 03/21/2019
(Defendant)