**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     Michael A. Wolf, | ) | |
| | ) | |
|         Debtor. | ) | No. 19 C 1978 |
| | ) | |
| | ) | |
| | ) | |
| N. Neville Reid, not individually, | ) | |
| but solely in his capacity as Chapter 7 | ) | |
| Trustee for the bankruptcy estate of | ) | |
| Michael A. Wolf | ) | |
| | ) | (Bankruptcy Case No. 14 B 27066) |
|         Plaintiff, | ) | |
| | ) | |
|   v. | ) | |
| | ) | |
| MMQB, Inc., Michael Wolf, | ) | |
| Scott Wolf, et al. | ) | |
| | ) | |
|         Defendants. | ) | |

**TRUSTEE'S RESPONSE TO MICHAEL WOLF'S MOTION TO QUASH CITATIONS,
TO STRIKE PLAINTIFFS MOTION FOR RULE TO SHOW CAUSE,
AND STRIKE PENDING CONTEMPT HEARING**

N. Neville Reid, not individually but solely as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Michael Wolf (the "Debtor"), as his Response To Michael Wolf's Motion To Quash Citations, To Strike Plaintiff's Motion For Rule To Show Cause, And Strike Pending Contempt Hearing, All For Improper Service (the "Response"), states as follows:

**I.      Procedural History.**

1. The Bankruptcy Court entered judgments against Michael Wolf (denying him a discharge) and Scott Wolf (in the amount of $2,100,000) as well as various sham entities Michael and Scott created.

2. The Bankruptcy Court also issued findings of fact and conclusions of law along

with a recommendation that an additional judgment be entered in the amount of $2,100,000 against MMQB, Inc. by this Court.

3. On October 27, 2022, this Court entered an Amended Judgment Order which included a judgment in the amount of $2,100,000 against MMQB, Inc.

4. On March 3, 2023, the Trustee caused the following Citations To Discover Assets to be issued: (a) Citation To Discover Assets To Judgment Debtor MMQB, Inc.; and (b) Citation To Discover Assets To Michael Wolf (Third Party). See, Dkt. #s 57. 59 and 60 (inadvertently entered twice on the docket by the clerk).[1]

5. The process server was not able to serve either Michael or Scott with these original citations.

6. As a result, the Trustee caused Alias Citations To Discover Assets to be issued as follows: (a) Alias Citation To Discover Assets To Judgment Debtor MMQB, Inc.; and (b) Alias Citation To Discover Assets To Michael Wolf (Third Party). See, Dkt. #s 61 and 62.

7. On April 21, 2023, a process server effectuated service on Michael Wolf of the Alias Citation To Discover Assets To Michael Wolf. A copy of the alias citation served on Michael is attached as Exhibit A to the Trustee's Motion For A Rule To Show Cause Why Michael Wolf Should Not Be Held In Contempt (the "Motion For Rule To Show Cause").[2] A copy of the affidavit of the process server evidencing service of this citation is attached to the Motion For A Rule To Show Cause as Exhibit B.

8. On April 24, 2023, the Trustee filed a Notice of Alias Citation which included a copy of the alias citation served on Michael and sent it to Michael via e-mail to:

---

[1] The Clerk of the District Court issues the citations but does not immediately record them on the docket.

[2] Michael never filed a response to the Trustee's Motion For Rule To Show Cause. This Response does not re-state all of the facts and arguments contained in the Motion For Rule To Show Cause but specifically incorporates them herein by reference.

2

wolflegalusa.com. A copy of the Alias Citation is attached to the Motion For Rule To Show Cause as Exhibit C. A copy of the e-mail sent to Michael and Scott is attached to the to the Motion For A Rule To Show Cause as Exhibit D.

9. Despite having been personally served by the process server and sent a copy via e-mail, Michael failed to appear for his citation or otherwise comply with the citation. A copy of the court reporter's Certificate of Nonappearance For The Alias Citation To Discover Assets which evidences the fact that Michael Wolf did not appear as required for his citation examination on April 28, 2023 is attached to the Motion For Rule To Show Cause as Exhibit E.

10. As a result, the Trustee filed the Motion For Rule To Show Cause and e-mailed a copy of the motion to Michael on May 9, 2023 at 4:38 p.m. A copy of the e-mail is attached hereto as Exhibit 1.

11. The Court ordered Michael to respond to the Motion For Rule To Show Cause by May 17, 2023. Counsel for the Trustee did not send Michael a copy of the order.

12. Michael failed to respond by May 17, 2023. As a result, the Trustee filed a reply in support of the Motion For Rule To Show Cause and sent it to Michael via e-mail on May 24, 2023 at 5:21 p.m. A copy of the e-mail is attached hereto as Exhibit 2. Counsel for the Trustee also sent a copy of the reply to Michael via U.S. Mail.

13. On May 25, 2023, the Court granted the Trustee's Motion For Rule To Show Cause and ordered Michael to appear in person on May 31, 2023 at 10:30 a.m. and noted his failure to appear may result in his being held in contempt. On May 26, 2023 at 1:59 p.m. counsel for the Trustee sent a copy of the order to Michael via e-mail. A copy of the e-mail is attached hereto as Exhibit 3.

14. All of the e-mails above were also served on Scott via the same e-mails counsel for the Trustee sent to Michael. See, Exhibits 1, 2 and 3.

15. Scott lives at the same address as Michael.[3]

16. Scott is also on the ECF service list for this case and was served all of the filings notes above via the ECF system.[4]

17. On May 31, 2023 (the day he was supposed to appear in person in court) Michael filed his motion to quash and strike.

## II.     Michael's Motion Argues False Facts And Fails To Include Applicable Law.

18. In his motion, Michael argues:

   a. the citations "…were not served, at all, on me …" [p.1] and
   b. "Plaintiff's motion for rule to show cause "was not served on me…" [p.1]

However, these are not true facts and not the facts Michael actually swears to.

### A.     Michael Was Personally Served With The Citation To Discover Assets.

19. In his affidavit, Michael only swears under oath that he does "not recall the interaction described by" the process server and does "not remember anyone … following [him] to [his] car or calling [his] name … or leaving in [his] vehicle … with someone standing next to [his] car and trying to place documents on [his] windshield as [he] was leaving." [Affidavit of Michael Wolf par. 1]

20. Michael's reluctance to go farther in his affidavit is likely his attempt to avoid allegations of perjury (as he has done before[5]) because the affidavit of the process server

---

[3] An Affidavit of Residence filed by Scott evidencing the fact that he resides at the same address as Michael is attached hereto as Exhibit 4.

[4] Michael Wolf does not appear to be on the ECF service list.

[5] This is reminiscent of the time Michael refused to answer questions related to inconsistent positions he was taking in the Divorce Court versus the Bankruptcy Court, who was drafting his (and Peter's) pleadings, questions about payments he made, and the basis for his assertion of the fifth amendment. [See, e.g., Dist.Dkt 18 cv 7952, 15-5 at 4:1-23, 3:23-25, 6:23-7:2, 7:22-25, 10:11-15, 10:16-20, 12:12-18, and 15:3-7] In fact, Michael stated, amongst other things, that any additional questions would only serve to ascertain whether he was committing perjury. [Dist.Dkt.18 cv 7952, 15-5, 4:1-23] When asked why he thought he might be committing perjury if he told the truth, Michael stood on his response and refused to answer stating: "Any additional questions, I believe, are only to prove possible criminal perjury." [Dist.Dkt.18 cv 795215-5, 4:19-23]

4

evidences personal service on Mr. Wolf on April 21, 2023. See, Exhibit B to Motion For Rule To Show Cause.

21. In addition, a supplemental affidavit of the process server who served Michael which includes a picture of Michael, identifies Michael as the person he served, and identifies the vehicle Michael sped off in as a white Volkswagen is attached hereto as Exhibit 5. As additional proof, a Westlaw report of public records identifying Michael as the owner of a White Volkswagen is attached hereto as Exhibit 6.

22. In other words, the evidence shows that Mr. Wolf was personally served with the alias citation and was required to produce the information requested therein and to appear for his citation examination as scheduled.

### a. Court's Do Not Favor Those Who Evade Service.

23. Michael's arguments appear to be premised, at least in part, on the fact that he refused to accept service of the citation in his hand. However, this is not a requirement for personal service.

24. Courts simply do not favor those who seek to evade service of summons. *Edward Hines Lumber Co. v. Smith*, 29 Ill. App. 2d 35, 42, 172 N.E.2d 429, 432 (Ill. App. Ct. 1961). Other persons before Michael have refused to acknowledge a process server and have retreated or fled but still been deemed served.

### b. The Law Does Not Require Papers To Be Placed In A Person's Hand.

25. A process server is not required to place papers in the defendant's hand. As a result, Michael's attempts to "dodge process" are of no avail.

*26.* For example, courts have found that process is properly served by placing a summons and complaint inside a defendant's door after the defendant retreated into his home without acknowledging the private investigator who effected service; defendant was evidently unwilling to accept service, and investigator was not required to physically place papers in

5

defendant's hand. See, *Freund Equip., Inc. v. Fox*, 301 Ill. App. 3d 163, 703 N.E.2d 542 (1998). In that case, even though the defendant was unwilling to accept service, the court found that Illinois law does not require an investigator to physically place papers in defendant's hand. *Id.* Specifically, the court found that contrary to Defendant's assertion, service may be effected on an individual pursuant to 735 ILCS 5/2 203(a)(1) (West 1996) 'by leaving a copy of the summons with the defendant personally' but no requirement exists that the process server physically place the papers in the defendant's hand. *Freund Equip., Inc. v. Fox*, 301 Ill. App. 3d 163, 167–68, 703 N.E.2d 542, 545 (1998). See also, *Currier v. Baldridge,* 914 F.2d 993, 995 (7th Cir.1990), where the court included Illinois among the states accepting the "general method" of placing the papers "in the general vicinity of the person to be served and announcing the nature of the papers."

27. Similarly, a Defendant was not allowed to circumvent substitute service of process by instructing members of his family not to accept a copy of summons. See, *Edward Hines Lumber Co. v. Smith, 29 Ill. App. 2d 35, 42, 172 N.E.2d 429, 432 (Ill. App. Ct. 1961)*. In that case, even where a member of the family acted on such instruction and refused to accept a copy, the officer was justified in leaving summons tied on doorknob. *Id.*

    **B.**     <u>**Michael Received E-Mail Notices Of The Motion For Rule To Show Cause.**</u>

28. After Michael was personally served with the alias citation, he was served via e-mail with the Motion For Rule To Show Cause. Service via e-mail of motions after personal service of an alias citation is proper and Michael does not contest this

29. Instead, in his affidavit, Michael swears under oath that he "… did not receive any of the related documents via e-mail…" [Affidavit of Michael Wolf par. 3]

30. However, a review of the electronic information related to the e-mails at issue reveals otherwise and confirms that the e-mails were neither rejected nor bounced.

31. Specifically, a Mimecast report attached hereto as Exhibit 7 contains the

information related to the two e-mails at issue and confirms the e-mails were sent to the e-mail address Michael recently confirmed to this Court still belongs to him[6] and show the e-mails as being "Archived" and not "Rejected" or "Bounced" as Michael implies.

32. In other words, Michael received multiple e-mails which provided him with notice of the Motion For Rule To Show Cause and the reply and also included additional information regarding Plaintiff's request that he be held in contempt.

33. Despite service of the motion and the reply via e-mail, Michael failed to respond to the Motion For Rule To Show Cause and ultimately failed to appear in person as ordered (where he could have been required to testify under oath and subject to sanctions by this Court).

34. Mr. Wolf's failure to appear for his citation examination, respond to the Motion For Rule To Show Cause, or appear in person as ordered on May 31, 2023 is simply the latest in a long line of failures of Michael to obey court process and orders. See, Trustee Appellee Brief, *passim*.

Wherefore, for all of the reasons stated herein as well as all of those stated in the Motion For Rule To Show Cause, the Plaintiff Trustee requests that Michael Wolf be ordered to: (1) appear and show cause why he should not be held in contempt for not complying with the Alias Citation: (2) produce all documents required by the Alias Citation within seven days; (3) answer the citations interrogatories contained in the Alias Citation within the next seven days; (4) appear for his citation examination and answer all of the questions posed at the examination, and (5) for all other and further relief that this Court deems just.

---

[6] Around 2017, Michael Wolf began describing himself as "*His Excellen*cy Michael A. Wolf, *Esquire*," and began to use the address: HE (i.e. "His Excellency") Michael A. Wolf, c/o Wolf Legal Services, United States of America Office, 113 Cherry Street, Suite 78879, Seattle, Washington 98104-2205 USA, Phone: 011+41+43 508 40 88, Web: http://wolflegal.services. [Adv.Dkt.16 A 00066, #271, p.98] This web addresses corresponds to the e-mail address Michael represented to this Court that he still uses and to which notices in this case were sent.

Respectfully Submitted,

N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Michael A. Wolf,

/s/ Daniel P. Dawson
One of his attorneys

Daniel P. Dawson (ARDC #6199728)
Nisen & Elliott, LLC
180 N. LaSalle Street, Suite 3600
Chicago, Illinois 60601
(312) 346-7800
ddawson@nisen.com
adrag@nisen.com

8

**CERTIFICATE OF SERVICE**

      I, Daniel P. Dawson, certify that on June 7, 2023, I caused a copy of the foregoing Response To Michael Wolf's Motion To Quash Citations, To Strike Plaintiff's Motion For Rule To Show Cause, And Strike Pending Contempt Hearing, to be filed electronically through the Court's CM/ECF filing system which will cause the document to be served upon all parties electronically through the Court's CM/ECF filing system, and also served additional parties as listed on the attached Service List via e-mail or First-Class U.S. Mail, as indicated.

                                              /s/ Daniel P. Dawson

Daniel P. Dawson (ARDC #6199728)
Nisen & Elliott, LLC
180 N. LaSalle Street, Suite 3600
Chicago, Illinois 60601
(312) 346-7800
ddawson@nisen.com
adrag@nisen.com

**SERVICE LIST**

*Via ECF Service*

| | |
|---|---|
| U.S. Bankruptcy Court, Clerk | ilnb.appeals@ilnb.uscourts.gov |
| United States Trustee | pat.s.layng@usdoj.gov |
| Scott Wolf | scottwolf.0330@gmail.com |

*Via U.S. Mail or e-mail as indicated*

Scott Wolf (Via U.S. Mail)
320 Central Ave., Unit 141
Sarasota, Florida 34236
scottwolf.0330@gmail.com

Michael Wolf (Via U.S. Mail)
320 Central Ave., Unit 141
Sarasota, Florida 34236
wolflegalusa@gmail.com