




THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re MICHAEL WOLF,<br><br>Debtor.<br><br>-----------------------------------------------<br><br>N. NEVILLE REID, not individually, but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Michael A. Wolf, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>MMQB, Inc.,<br><br>Defendant-Appellant. | ) | No. 19-cv-01978<br><br>Judge John J. Tharp, Jr.<br><br>(Bankr. No. 14 B 27066)<br>(Adv. Proc. 16 AP 00066)<br><br>BANKRUPTCY PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW under 28 U.S.C. §157(c) |

**MICHAEL WOLF'S**
**RESPONSE TO THE TRUSTEE'S MOTION TO COMPEL AND FOR THE TURNOVER OF ASSETS BELONGING TO MMQB, INC., OR ALTERNATIVELY RESPONSE TO**
**ENTRY OF A JUDGMENT AGAINST HIM**

Now I come, Michael Wolf, *pro se*, with my response to the Trustee's recently filed motion on August 8, 2023, which asks for the entry of multiple orders, under multiple theories of relief, but basically is asking for: (1) an order to compel me to turnover assets allegedly belonging to some entity known as MMQB, Inc.; and (2) the entry of a $2,100,000 judgment against me.

No orders or judgments should be entered against me, and the Trustee's motion should be denied with prejudice, because the Trustee's motion contains numerous procedural defects, the relief requested is not supported by any applicable law, and the motion clearly violates my due process rights, as well as my right to a jury trial, all guaranteed to me by The Constitution of the

United States, the Constitution of the State of Illinois, and the Constitution of the State of Florida, as well as Federal Rule of Civil Procedure 38.

**Prelimiary Matter**

As I have already argued and demonstrated to this court, the Trustee did not perfect personal service of these *alleged* citation proceedings. Personal service is required under Illinois law, and the Trustee admitted that the relevant citation documents were only left "at my door", which does not constitute personal service under relevant Illinois law[1], which requires either personal service upon me, or personal service to a resident that is residing with me. As such, this Court has no personal jurisdiction over me to hear this motion, and it should be stricken and/or denied[2]. Even though the Trustee provided fictitious, and fraudulent evidence related to the receipt of emails[3], such improper service under Illinois law must still be quashed[4].

---

[1] Illinois requires that either (1) a copy of the citation was left with me personally or (2), that a copy was left at my usual place of abode, with some person of my family or other person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons. Ill. Comp. Stat. 735 ILCS §5/2-203(a)(1-2).

[2] *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit.") ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process."); *see also Audio Enter., Inc. v. B & W Loudspeakers of Am., a Div. of Equity Int'l Inc.*, 957 F.2d 406, 408 n.2 (7th Cir. 1992) ("[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over defendant in the absence of valid service of process." (internal quotations omitted)).

[3] See Dkt. No. 73-7 for example, as the Trustee claims that this document (Exhibit 7) shows that emails allegedly sent to me were "Archived" by me (and therefore received by me) – but there is no way any person would believe such nonsense. This Court must agree that such an exhibit only demonstrates that said emails were Archived by the Trustee's email system, and don't speak to the fact that any emails were actually received and/or read by me. If this document actually proved what the Trustee states it proves – then there would have been no need to redact the IP address – which were obviously only redacted as they were the IP addresses belonging to Nisen & Elliott.

[4] *Rubin v. Islamic Republic of Iran*, No. 03 C 9370 (N.D. Ill. Jul. 21, 2016) ("The equitable exception to personal service, or alternative service pursuant to 735 ILCS 5/2-203.1, requires plaintiffs to move the court to order a comparable method of service. Plaintiffs are not allowed to devise their own method of service without leave of the court. Plaintiffs are required to show that formal service is impractical by a motion that is accompanied with an affidavit stating the extent to which plaintiffs attempted to serve defendant and the reasons why service is impractical. 735 ILCS 5/2-203.1.")

As a *pro se* litigant, I must ensure that all of my rights are upheld, and I am specifically preserving my rights to continue to challenge (and/or appeal) that I was not personally serviced with these citation proceedings, and therefore this court lacks jurisdiction to take any actions related to the citations which were not personally served upon me.

However, this Court entered an order requiring me to respond to the Trustee's motion by August 18, 2023 (Dkt. No. 75).

As such, I am responding to the Trustee's motion – however I specifically state that everything below is in the alternative, pending this Court's ruling about the Trustee's failure to obtain personal service of these proceedings. That is, by responding below, **I am NOT WAIVING, and instead I am SPECIFICALLY PRESERVING,** my rights to continue to challenge the Trustee's failure to serve these citation proceedings properly and personally upon me, and my response below, to the Trustee's motion (as ordered to provide by the Court), is only in the alternative to my already stated challenge (Dkt. No. 71, May 31, 2023) that personal service was not obtained, and should only be utilized by this Court in the event that it rules otherwise – and that even in responding to the Trustee's motion, my rights, on appeal, to challenge that proper service was achieved under Illinois law, has not been waived.

I have not been held or have found to be in contempt, and this Court has not ordered me to respond to the third-party citation, as it has not yet expressed an opinion related to the lack of personal service issue (as I was never personally served as required under Illinois law).

**In The Alternative – Response to the Trustee's Motion**

As this Court is aware, the Trustee's *alleged* citation proceedings, are directed towards some entity known as MMQB, Inc., as a judgment debtor, and towards me, as a third-party. The Trustee did not and has not obtained a monetary judgment against me.

As such, these *alleged* citation proceedings only serve one purpose under Illinois law: To allow the Trustee to find assets belonging to MMQB, Inc., which are currently being held by me, and apply those assets to satisfy the judgment against MMQB, Inc. *Hayward v. Scorte*, 444 Ill. Dec. 406, 411 (Ill. App. Ct. 2020) ("These proceedings also allow plaintiffs to find any assets of the judgment debtor being held by third parties and apply those assets to satisfy the judgment. *R & J Construction Supply Co. v. Adamusik*, 2017 IL App (1st) 160778, ¶ 7, 410 Ill.Dec. 449, 70 N.E.3d 266.").

Most importantly, under Illinois law, citation proceedings pursuant to 735 ILCS 5/2-1402 only operate on property belonging to MMQB, Inc. that was in my possession as of the date of the citation (in this case, the *alleged* service date is April 21, 2023 "described as attempted service"). Therefore, with respect to the turnover of property belonging to MMQB, Inc. – the Trustee must describe the exact property currently in my possession, which belonged to MMQB, Inc., on or after April 21, 2023. *Hayward*, 444 Ill. Dec. 406, 414 ("The trial court found that 2XForm transferred or assigned "credit" for work it performed on plaintiffs' project to other contractors, thus "improperly and fraudulently divest[ing] itself of its own assets to the detriment of" plaintiffs. Transfers of a judgment debtor's assets, after citations are issued, violate the restrictive provisions of the citations. *Bank of America, N.A. v. Freed* , 2012 IL App (1st) 113178, ¶ 24, 361 Ill.Dec. 565, 971 N.E.2d 1087. However, the lien established under section 2-1402 "does not affect the rights of citation respondents in property prior to the service of the citation upon them." 735 ILCS

5/2-1402(m) (West 2016). Where a property transfer occurs prior to the initiation of citation proceedings, that evidence cannot support a finding that the respondent possessed those assets under section 2-1402. See *Schak v. Blom* , 334 Ill. App. 3d 129, 133-34, 267 Ill.Dec. 832, 777 N.E.2d 635 (2002). The citations to discover assets were issued to respondents on November 23, 2016. Plaintiffs based their allegations of improper transfer on information contained in sworn contractor statements dated May and September of 2014. There is no evidence that the transfer or assignment of credit took place after the commencement of citation proceedings. As such, subsection (f)(1) does not support entering judgment against respondents in the amount of the unpaid portion of the underlying judgment.”)

Therefore, this *alleged* third-party citation proceeding, under Illinois law, only exists against me, as a third-party, to determine if I am currently in possession of property belonging to MMQB, Inc., which belonged to MMQB, Inc. as of April 21, 2023. *Hayward*, 444 Ill. Dec. 406, 414 (“The relevant inquiry in a citation proceeding is whether third parties possess "assets of the judgment debtor that should be applied to satisfy the judgment." *Id*. at 133, 267 Ill.Dec. 832, 777 N.E.2d 635. If the record contains some evidence that the third party holds assets of the judgment debtor, "[o]nly then does the citation court have the jurisdiction to order that party to produce those assets to satisfy the judgment." *Id*. If the record shows that the third party holds no assets of the judgment debtor, "then the court has no authority to enter any judgment against the third party in a supplementary proceeding." *Id*.”)

In addition, the Seventh Circuit has opined that these *alleged* third-party citation proceedings, brought under Illinois law, only operate as to property belonging to MMQB, Inc., which belonged to MMQB, Inc. as of April 21, 2023, which is currently in my possession, ***within*** the State of Illinois. This Court’s power to attach assets applies only to property within Illinois.

See *Gagan v. Monroe*, 269 F.3d 871, 877 (7th Cir. 2001) ("The court did not issue a writ of execution against the . . . property; in fact, it most likely could not have done so against property located outside of Indiana."); *Suraleb, Inc. v. Prod. Ass'n "Minsk Tractor Works," Republic of Belr.*, No. 06 C 3496, 2008 WL 294839, at *2 (N.D. Ill. Jan. 31, 2008) ("This Court can issue a writ of execution with respect to property located in this judicial district only.").

Federal Rule of Civil Procedure 69 states that a money judgment is to be enforced by a writ of execution. This rule governs these *alleged* citation proceedings here in Federal Court.

> (a) In General.
>
> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

While Illinois law applies to these *alleged* third-party citation proceeding, in Illinois courts – and also here in Federal Court, writs of execution may only be issued against property located in the forum state… Illinois.

Discovery about assets in other States (or foreign nations) is irrelevant, as it cannot "aid" in "the judgment or execution" in this *alleged* citation proceeding, which is limited in scope to assets in Illinois (and within *this* Federal judicial district).

## I. Assets Belonging to MMQB, Inc.

The Trustee does not offer up or provide any evidence that I am in possession of any assets belonging to some alleged entity known as MMQB, Inc., much less evidence that said assets belonged to MMQB, Inc. as of April 21, 2023, or that said assets are located in the State of Illinois.

As such, any and all relief requested by the Trustee, including a turnover order and/or entry of a judgment in the amount of $2,100,000, must be denied as instructed by *Hayward* and *Gagan*.

None of the Trustee's exhibits help his case – and the Trustee himself, once again, ends up pleading himself out of court.

**Exhibit A (Dkt. No. 74-1)** contains what appears to be a document titled "Advertising Media Kit & Rates 2023". The document appears to be dated January 1, 2023.

There doesn't appear to be any relation or mention of some alleged entity named MMQB, Inc., nor is there any allegation that this document is owned by, or is property of MMQB, Inc., or provides evidence of property belonging to MMQB, Inc. that is currently in my possession, or property that belonged to MMQB, Inc. as of April 21, 2023 (and even if it did, there is no indication or allegation that said property is located in the State of Illinois). I reserve the right and also immediately demand the ability to cross-examination and a full evidentiary hearing to examine and explore the authenticity of this document, but on its face, it clearly does not deal with or mention property belonging to MMQB, Inc.

**Exhibit B (Dkt. No. 74-2)** contains what appears to be a copy of a LinkedIn page for a "Michael Wolf", allegedly captured on October 18, 2022. The document appears to state that Michael is the Editor In Chief of "MMQB" since October 2020.

There doesn't appear to be any relation or mention of some alleged entity named MMQB, Inc., nor is there any allegation that this document is owned by, or is property of MMQB, Inc., or provides evidence of property belonging to MMQB, Inc. that is currently in my possession, or property that belonged to MMQB, Inc. as of April 21, 2023 (and even if it did, there is no indication or allegation that said property is located in the State of Illinois). I reserve the right and also immediately demand the ability to cross-examination and a full evidentiary hearing to examine

and explore the authenticity of this document, but on its face, it clearly does not deal with or mention property belonging to MMQB, Inc.

**Exhibit C (Dkt. No. 74-3)** contains what appears to be a copy of a Fictitious Name filing in the State of Florida (so not in Illinois), related to the name "MMQB", registered by Michael Wolf on November 4, 2020. This document appears to be dated August 12, 2022.

There doesn't appear to be any relation or mention of some alleged entity named MMQB, Inc., nor is there any allegation that this document is owned by, or is property of MMQB, Inc., or provides evidence of property belonging to MMQB, Inc. that is currently in my possession, or property that belonged to MMQB, Inc. as of April 21, 2023 (and even if it did, there is no indication or allegation that said property is located in the State of Illinois). I reserve the right and also immediately demand the ability to cross-examination and a full evidentiary hearing to examine and explore the authenticity of this document, but on its face, it clearly does not deal with or mention property belonging to MMQB, Inc.

**Exhibit D (Dkt. No. 74-4)** contains what appears to be a copy of media partners of NeoCon, and lists Michael Wolf of MMQB as such a contact.

There doesn't appear to be any relation or mention of some alleged entity named MMQB, Inc., nor is there any allegation that this document is owned by, or is property of MMQB, Inc., or provides evidence of property belonging to MMQB, Inc. that is currently in my possession, or property that belonged to MMQB, Inc. as of April 21, 2023 (and even if it did, there is no indication or allegation that said property is located in the State of Illinois). I reserve the right and also immediately demand the ability to cross-examination and a full evidentiary hearing to examine and explore the authenticity of this document, but on its face, it clearly does not deal with or mention property belonging to MMQB, Inc.

**Exhibit E (Dkt. No. 74-5)** contains what appears to be some sort of webpage associated with "MMQB". It contains a line that says "Copyright ©2022-2023 MMQB". The document states that it was captured on October 18, 2022.

There doesn't appear to be any relation or mention of some alleged entity named MMQB, Inc., nor is there any allegation that this document is owned by, or is property of MMQB, Inc., or provides evidence of property belonging to MMQB, Inc. that is currently in my possession, or property that belonged to MMQB, Inc. as of April 21, 2023 (and even if it did, there is no indication or allegation that said property is located in the State of Illinois). I reserve the right and also immediately demand the ability to cross-examination and a full evidentiary hearing to examine and explore the authenticity of this document, but on its face, it clearly does not deal with or mention property belonging to MMQB, Inc.

**Exhibit F (Dkt. No. 74-6)** seems to contain select portions of some transcript, although the relevant portions of the transcript appear to be missing to evaluate exactly what this is. The Trustee in his motion seems to indicate that this is a transcript of my son Scott, or something that occurred at some point in time, and that MMQB, Inc. is dissolved and/or Scott hasn't filed tax returns since 2017. I don't know anything about this at all. In any event…

There doesn't appear to be any relation or mention of some alleged entity named MMQB, Inc., nor is there any allegation that this document is owned by, or is property of MMQB, Inc., or provides evidence of property belonging to MMQB, Inc. that is currently in my possession, or property that belonged to MMQB, Inc. as of April 21, 2023 (and even if it did, there is no indication or allegation that said property is located in the State of Illinois). I reserve the right and also immediately demand the ability to cross-examination and a full evidentiary hearing to examine

and explore the authenticity of this document, but on its face, it clearly does not deal with or mention property belonging to MMQB, Inc.

**Exhibit G (Dkt. No. 74-6)** seems to indicate that the domain name mmqb.com is somehow related to mmqb.io, maybe? I'm not sure… but again, as with all of the other exhibits…

There doesn't appear to be any relation or mention of some alleged entity named MMQB, Inc., nor is there any allegation that this document is owned by, or is property of MMQB, Inc., or provides evidence of property belonging to MMQB, Inc. that is currently in my possession, or property that belonged to MMQB, Inc. as of April 21, 2023 (and even if it did, there is no indication or allegation that said property is located in the State of Illinois). I reserve the right and also immediately demand the ability to cross-examination and a full evidentiary hearing to examine and explore the authenticity of this document, but on its face, it clearly does not deal with or mention property belonging to MMQB, Inc.

## II. The Trustee Pleads Himself Out of Court

As demonstrated above, the Trustee never identifies any assets belonging to some alleged entity named MMQB, Inc., much less that said assets belonged to MMQB, Inc. as of April 21, 2023, and are now somehow in my possession within the State of Illinois.

Instead, the Trustee, in his unverified motion, alleges that my son "has not filed [a] tax return since 2017", and that "he does not know anything about MMQB or MMQB.io" (and that he dissolved MMQB, Inc. in 2017) and that I have utilized mw@mmqb.com as my email address, and apparently there is a webpage profile and a fictitious name filing, in Florida, that occurred in 2020 related to MMQB.

These allegations make it impossible for me to currently be in possession of assets belonging to MMQB, Inc. (which the Trustee alleges doesn't even exist), and the Trustee never alleges or describes any assets, at all, that ever belonged to some entity named MMQB, Inc., and seems to allege that said corporation hasn't even been in existence for at least the past six years.

It is unclear what any of his exhibits or allegations have to do with any assets belonging to MMQB, Inc., since he hasn't described any assets, or provided any evidence, at all, of any assets belonging to MMQB, Inc. – but seems to allege that if there are assets, they are located in Florida?

## III. Due Process and Jury Trial Demand

The Trustee, through his motion, once again seeks to deny me my due process rights. Since the Trustee filed his first adversary proceeding in 2016, he has been seeking a monetary judgment against me. The Bankruptcy Court denied this relief, multiple times. Now, the Trustee seeks a $2,100,000 judgment against me, without providing any evidence, at all, or a relationship between me and some alleged entity named MMQB, Inc., or describing any assets belonging to MMQB, Inc. that I am currently in possession of. In fact, the Trustee's motion should entirely be barred due to *res judicata* – he is not entitled to a judgment against me, due to his previous failed attempts.

Further, any judgment against me, in favor of my own bankruptcy estate must be barred, as my discharge was denied – and therefore I am already liable on all previous debts (which were not discharged). I can't be both labile on my previous debts **and** to my bankruptcy estate… as that would be imposing additional liability against me to satisfy the same debts that I am already liable for, to which I am already directly liable for to my creditors.

A chapter 7 trustee collects assets of the debtor that are not exempt under the Bankruptcy Code, liquidates the assets, and distributes the proceeds to creditors. He may not seek a judgment

against a debtor who had his discharge denied, as the debtor remains liable to his original creditors, and any additional liability imposed by the bankruptcy estate can only be for the benefit of the same creditors that already have fully enforceable creditor claims against a debtor who doesn't receive a discharge.

Nothing in 11 U.S. Code § 704, or any other part of the Bankruptcy Code, authorizes a Trustee to obtain a judgment against the debtor who filed a chapter 7 bankruptcy, let alone when his discharge has been denied, which would impose additional liability upon the debtor then what was originally owed to his creditors. The Bankruptcy Code does not support the imposition of additional liability against a debtor above and beyond what he already owes. In this case, I am already liable to my creditors to the full extent of their claims, as my debts were not discharged, and as such I may not face *additional* liability to a Trustee whose sole purpose is to collect my assets (at the time of filing) for the payment of those same debts. My creditors, who's claims against me were not discharged, may now collect on those debts. Those creditors may not impose *additional* liability upon me for the same underlying debt – so here the Trustee may not, because he is limited to collecting property of the bankruptcy estate for payment on creditor claims, since the denial of discharge allows creditors to recover directly on their claims.

In any event, to impose liability upon me, I am first entitled to my full due process rights, as well as my absolute right to a jury trial.

The Seventh Amendment to the Constitution of the United States guarantees a jury trial in civil cases seeking monetary damages in federal court and limits the circumstances under which courts may overturn a jury's findings of fact. The Seventh Amendment provides as follows: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial

by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

**I am DEMANDING A JURY TRIAL** on all issues, including but not limited to the imposition of a monetary judgment against me in the amount of $2,100,000, and the finding that I possess or have ever possessed any property belonging to the judgment debtor, MMQB, Inc.

This may be considered as a demand made under FRCP 38, as these are *alleged* supplementary proceedings occurring within the District Court, operating under the Federal Rules of Civil Procedure.

Further, I am a resident of the State of Florida, and therefore am entitled to a jury trial.

Article I Section 22 of the Florida Constitution provides:

> "The right to trial by jury shall be secure to all and remain inviolate. . . . ."

This most basic and fundamental of all our rights dates back to the Magna Carta, and is recognized as one of the greatest bulwarks of human liberties. *Flint River Steam Boat Co. v. Roberts* 2 Fla. 102 (1848). It has become a part of the birthright of every free person.

The right of trial by jury exists as to those issues which were triable before a jury at common law, regardless of the form of proceeding which may be used. *Olins, Inc. v. Avis Rental Car Systems of Florida*, 131 So.2d 20 (Fla. 3rd DCA 1961); *Construction Systems and Engineering, Inc., v. Jennings Construction Corporation*, 413 So.2d 1236 (Fla. 3rd DCA 1982).

Florida provides a right to a jury trial on all factual issues. *Valiante v. Allstate Insurance Co.*, 462 So. 2d 590, (Fla. Dist. Ct. App. 1985) ("Allstate now concedes that under section 86.071, Florida Statutes (1983), Valiante has a right to a jury trial on the factual issues should the legal questions presented in his complaint be decided in Valiante's favor. *See F.R.W.P., Inc. v. Home*

*Insurance Co.,* 450 So.2d 914 (Fla. 4th DCA 1984). *See also Olin's Inc. v. Avis Rental Car System of Florida,* 131 So.2d 20 (Fla. 3d DCA 1961).").

The 1970 Constitution of the State of Illinois also protects and defines the right to trial by jury in civil cases, which is found among the provisions in article I, the "Bill of Rights" article of the constitution. "The right of trial by jury as heretofore enjoyed shall remain inviolate." ILL. CONST. of 1970, art. I, § 13 (titled "Trial by Jury").

## Conclusion

1. **The Trustee does not provide evidence of any assets that belong to MMQB, Inc., that are currently in my possession.** In order to obtain the relief requested (a turnover order and/or a judgment of $2,100,000), he must have identified specific assets that belonged to MMQB, Inc. as of April 21, 2023, that are now in my possession, within the State of Illinois, and their value must be worth at least $2,100,000 (to support a judgment amount of $2,100,000). *Hayward*, 444 Ill. Dec. 406, 415-16 ("As in *Lange*, there is no evidence that Teofil or Esther, individually, possessed the assets of the judgment debtor 2XForm, so as to authorize the trial court to enter the underlying judgment against them in supplementary proceedings. Therefore, the trial court's order entering the full amount of the underlying judgment against Esther and Teofil was error. See *id*."); (" the court found that the record contained no evidence that Misch, individually, possessed the assets of USCC-Arkansas, so that the trial court could "expand Lange's default judgment against USCC-Arkansas to include Misch." *Id*. at 1081, 174 Ill.Dec. 215, 598 N.E.2d 412. The court recognized that section 2-1402 may allow the trial court to enter a judgment against a third party in some circumstances. "However, before a court may do so, the record must contain some evidence that the third party possesses assets of the judgment debtor." *Id*. Although the court did

not condone Misch's failure to obey court orders, it found that "a supplementary proceeding is not an appropriate vehicle to impose a judgment against a third party who does not possess assets of the judgment debtor." *Id*. at 1080, 174 Ill.Dec. 215, 598 N.E.2d 412.”)

**2. As demonstrated above, based on Illinois law, the Trustee is not entitled to an order compelling the turnover of any assets, as he did not identify any assets belonging to MMQB, Inc., much less belonging to MMQB, Inc. as of April 21, 2023, located within the State of Illinois.** Instead, he seems to allege that MMQB, Inc. isn’t even in existence, and hasn’t been for many years – therefore nobody could have assets belonging to MMQB, Inc.

**3. Further, under Illinois law, the Trustee is not entitled to a judgment in the amount of $2,100,000 because he did not identify any assets belonging to MMQB, Inc. in my possession – or identify any assets of MMQB, Inc. at all.** A supplementary proceeding is not an appropriate vehicle to impose a judgment against a third party who does not possess assets of the judgment debtor. *Lange v. Misch*, 232 Ill. App. 3d 1077, 1080 (Ill. App. Ct. 1992) (“we agree that a supplementary proceeding is not an appropriate vehicle to impose a judgment against a third party who does not possess assets of the judgment debtor.”)

**4. Finally, the Trustee is not entitled to a judgment in the amount of $2,100,000 because such a judgment would be a gross violation of my due process, including but not limited to the right to a jury trial, and such a judgment must be barred against a debtor who did not receive a discharge, as it would impose additional liability above what the debtor**

**already owes to his creditors (for his non-discharged debts), which is improper and outside the scope of what a Trustee may do under the Bankruptcy Code.**

WHEREFORE, not withstanding the fact that these *alleged* citations proceedings must be quashed and/or dismissed due to improper service and lack of personal jurisdiction over me, but rather only in the alternative, should this Court rule otherwise with respect to the lack of personal service on me, the Trustee's motion must be denied, with prejudice, as he requests relief that is not allowed under Illinois law, and fails to even identify a single asset belonging to the alleged judgment debtor, some alleged entity named MMQB, Inc., that is in my possession, and his entire argument seems to allege that MMQB, Inc. doesn't even exist – and never identifies any assets of MMQB, Inc. that are in my possession – or even any assets belonging to MMQB, Inc. at all, which is required to obtain his requested relief.

Dated: August 18, 2023

Respectfully Submitted,

Prepared By:
320 Central Avenue, Unit 141
Sarasota, Florida 34236
304-769-9828
wolflegalusa@gmail.com

/s/Michael Wolf
Michael Wolf, *pro se*

**CERTIFICATE OF SERVICE**

I, Michael Wolf, hereby certify that I caused a true and correct copy of the foregoing *MICHAEL WOLF'S RESPONSE TO THE TRUSTEE'S MOTION TO COMPEL AND FOR THE TURNOVER OF ASSETS BELONGING TO MMQB, INC., OR ALTERNATIVELY RESPONSE TO ENTRY OF A JUDGMENT AGAINST HIM*, and the documents referred to therein, to be served on the parties listed below via third-party commercial carrier and/or mail, and/or via email, and/or via fax, as well as electronically via the Court's CM/ECF system (all as indicated below on the service list), on the 18th day of August, 2023 (depending on the time zone).

**SERVICE LIST**

via ELECTRONIC MAIL (and via CM/ECF where noted):

| | | |
|---|---|---|
| N. Neville Reid | CM/ECF | nreid@foxswibel.com |
| Daniel Patrick Dawson | CM/ECF | adrag@nisen.com, ddawson@nisen.com |

Dated: August 18, 2023

/s/Michael Wolf