IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re MICHAEL WOLF, ) <br> ) <br> Debtor. ) <br> ) <br> ------------------------------------------------ ) <br> ) <br> N. NEVILLE REID, not individually, ) <br> but solely in his capacity as Chapter 7 ) <br> Trustee of the bankruptcy estate of ) <br> Michael A. Wolf, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MMQB, Inc., et al., ) <br> ) <br> Defendants. ) | No. 19 C 01978 <br><br> Judge John J. Tharp, Jr. <br><br> (Bankr. No. 14 B 27066) |

## ORDER

    For the reasons set forth in the Statement below, Michael Wolf's Motion to Quash Citations, to Strike Plaintiffs Motion for Rule to Show Cause, and Strike Pending Contempt Hearing, All for Improper Service [71] is denied as to all requested relief, and the Trustee's Motion to Compel Michael Wolf to Turnover and Deliver Assets and Proceeds or Alternatively for Entry of a Judgment against Him and for Other Relief [74] is denied without prejudice to reassertion following the Alias Citation hearing. A telephone status hearing to set a date for a hearing on the Trustee's Citation to Discover Assets will be held on Aril 18, 2024, at 9:30 a.m. Mr. Wolf is required to participate. The Clerk is directed to add Michael Wolf to the case caption as a Third Party Citation Respondent with the contact information set forth at page 10 of his Motion to Quash [71] and to forward a copy of this Order to Mr. Wolf by email and U.S. Mail. Mr. Wolf is directed to contact the Courtroom Deputy for dial-in instructions for the status hearing. For instructions regarding participation in, or access to, the telephone hearing, see the standing order on telephone hearings on Judge Tharp's web page (https://www.ilnd.uscourts.gov/judge-info.aspx?79eF+7uiX7ewBj/ITKrjoA==).

## STATEMENT

    Following entry of judgment in this and several related cases [32], the Trustee caused an Alias Citation to Discover Assets of Third Party Michael Wolf to be issued in this case [61]. The Trustee hired a process server to serve the citation on Michael Wolf. The process server's

affidavit of service [65-2] attests that he served Michael Wolf on April 21, 2023 in Sarasota, Florida. The affidavit recounts, among other details, that he attempted service at 320 Central Avenue Unit 141 at about 9:35 a.m., but Mr. Wolf "walked past me into the parking garage. I called out his name and he refused to turn around and I continued to follow him to his vehicle calling his name. He got into his car and I tried to put the papers on the windshield of his car and he sped away. . . . The documents were taken inside and placed at his condo door."

On April 24, 2023, the Trustee noticed the hearing on the citation to discover assets for April 28, 2023, at 10:00 a.m. (Central) via Zoom video conference. [63-1] The notice was filed and served on the list of CM/ECF filers for this case. Michael Wolf is not registered as a CM/ECF filer in this case, but the notice reflects that it was also emailed directly to Michael Wolf at wolflegalusa@gmail.com. Mr. Wolf did not appear for the citation hearing, and the Trustee then filed a motion for a rule to show cause why Mr. Wolf should not be held in contempt for failing to appear for the citation hearing [65]. The Court granted the motion for a show cause hearing and set an in-person hearing on May 31, 2023. [70]

On the morning of May 31, 2023, Mr. Wolf emailed the Courtroom Deputy, forwarding a motion to quash the citation hearing [71], representing that he had only learned of the hearing the day before, and requesting permission to participate in the hearing by telephone. The Court granted Mr. Wolf permission to appear by telephone. In response to Mr. Wolf's representations that he had never been served with notice of the citation hearing and had not received other filings by the Trustee, the Court set a date for the Trustee to respond to Mr. Wolf's motion to quash. The Trustee timely responded on June 7, 2023, and then, on August 8, 2023, filed a Motion to compel Michael Wolf to Turnover and Deliver Assets and Proceeds or Alternatively for Entry of a Judgment against Him and for other Relief. [74] Briefing on that motion was completed and the Court subsequently granted the Trustee's motion to extend the citation proceeding pending ruling on the motion to quash and the motion to compel. [79]

The motion to quash the citation to discover assets [71] is denied. The premise of the motion is that Mr. Wolf has not been personally served with the citation. He does not contest the statements in the process server's affidavit, but professes no to remember such an encounter. Mr. Wolf argues, however, that the affidavit, taken as true, establishes only that the process server attempted to serve him personally. That is not correct, for several reasons.

First, the process server's characterization of service as "attempted" is not controlling. What matters is what happened, not whether a lay person subjectively believes that service was perfected. Moreover, to the extent that Mr. Wolf seeks to rely on the process server's characterization, the Court notes that the affidavit states expressly that "I INDIVIDUALLY/PERSONALLY *served* by delivering a true copy of the ALIAS CITATION TO DISCOVER ASSETS TO . . . MICHAEL WOLF at the address of: 320 CENTRAL AVENUE UNIT 141, SARASOTA, FL 34236, and informed said     person of the contents therein, in compliance with state statutes." What Mr. Wolf reads as the process server's concession that he only attempted service actually relates only to the process server's first effort at serving Mr. Wolf, who then walked past the process server and into the parking garage. The process server than made further efforts in the garage, where the process server tried to physically transfer the documents to Mr. Wolf as he got into his car and sped away.

2

Second, and relatedly, Mr. Wolf apparently, but mistakenly, believes that personal service requires a process server to ensure that the person being served takes physical possession of the documents, but under Illinois law "no requirement exists that the process server physically place the papers in defendant's hand." *Statia v. Orlet*, 2023 IL App (5th) 220731, ¶ 20. Rather,

> Illinois is "among the states accepting the 'general method' of placing the [summons] papers 'in the general vicinity of the person to be served and announcing the nature of the papers.'" *Freund Equipment, Inc. v. Fox*, 301 Ill. App. 3d 163, 168, 703 N.E.2d 542, 546 (1998) (quoting *Currier v. Baldridge*, 914 F.2d 993, 995 (7th Cir. 1990)). For instance, in *Hatmaker v. Hatmaker*, 337 Ill. App. 175, 181-82, 85 N.E.2d 345, 347-48 (1949), the court found service was effective where the defendant refused to open the door to his hotel room and the sheriff then identified himself, announced he had summonses for the defendant, and slid the papers under the door. *See also In re Jafree*, 93 Ill. 2d 450, 455, 444 N.E.2d 143, 146 (1982) (holding service was sufficient where respondent refused to accept the summons papers and the investigator placed them on respondent's shoulder).

*Ocwen Loan Servicing, LLC v. Henry*, 2020 IL App (4th) 180793-U, ¶ 25; *see also Statia*, 2023 IL App (5th) 220731 at ¶ 20 (affirming validity of personal service made by leaving summons on step outside screen door after defendant refused to take possession of the papers).

Third, Illinois law is clear that

> the process server's return affidavit is *prima facie* evidence of proper service, and the affidavit of service should not be set aside unless impeached by clear and convincing evidence. . . . Uncorroborated accounts of how the party was or was not served are insufficient; rather to impeach the affidavit of service, the defendant needs affirmative evidence.

*Statia*, 2023 IL App (5th) 220731 at ¶ 25 (cleaned up). But here, Mr. Wolf has proffered no evidence to rebut the process server's account; again, he maintains only that what the process server described does not satisfy the requirement of personal service. In this regard, Mr. Wolf's position is no more availing in this case than it was in Statia:

> Orlet's argument is simply that she was not properly served because the documents were left on her front porch. As we have already concluded that the drop service in this unique factual situation satisfied the service of process requirements and as Orlet makes no additional affirmative arguments challenging service, we find that Orlet's argument is insufficient to rebut the presumption of service of process.

*Id*.

The Court therefore finds that Michael Wolf has been properly served with the Alias Citation to Discover Assets [61] and his motion to quash citations is therefore denied. The Court

also notes that notice of the Alias Citation was emailed to Mr. Wolf at wolflegalusa@gmail.com, an address he confirmed as correct during the May 31, 2023 hearing. The Court is therefore quite skeptical of Mr. Wolf's claim that he knew nothing about the hearing on the Alias Citation until May 30, 2023. Nevertheless, the Court will afford Mr. Wolf one further opportunity to make himself available for a hearing on the Alias Citation. A telephone status hearing will be held on April 18, 2024, at 9:30 a.m. for the purpose of setting a date for the required hearing on the Alias Citation. Mr. Wolf is ordered to participate and to contact the Courtroom Deputy at 312-353-5861 for dial-in instructions.

      Mr. Wolf's requests to strike the rule to show cause hearing and pending contempt hearing [71] are denied as moot in light of the foregoing.

      Finally, the Trustee's Motion to Compel [74] is denied without prejudice. It may be renewed after the citation hearing takes place, if warranted.

Date: March 30, 2024

John J. Tharp, Jr.
United States District Judge