BC DD
FILED
1/23/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *Supplementary Proceedings* | ) | No. 19-cv-01978 |
| | ) | |
| N. NEVILLE REID, not individually, | ) | |
| but solely in his capacity as Chapter 7 | ) | |
| Trustee of the bankruptcy estate of | ) | |
| Michael A. Wolf, et al., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED in these** |
| | ) | **ongoing SUPPLEMENTARY** |
| Third-Party Michael Wolf | ) | **PROCEEDINGS** |
| | ) | |
| Defendant. | ) | |

## THIRD-PARTY MICHAEL WOLF'S
## MOTION TO DISMISS THESE SUPPLEMENTARY PROCEEDINGS

Now comes, third-party citation respondent Michael Wolf ("Third-Party Michael")[1], *pro se*, with his motion to dismiss these *instant* supplementary proceedings, with prejudice, because, **FIRST**, this Court lacks personal jurisdiction over Third-Party Michael, therefore these supplementary proceedings violate Third-Party Michael's due process rights, and additionally, in the alternative, **SECOND**, these supplementary proceedings are being used in a way by Plaintiff N. Neville Reid ("Plaintiff Reid") that is not permitted as a matter of law. In support thereof, Third-Party Michael states as follows:

---

[1] These *instant* supplemental proceedings were initiated with the *alleged* service of a third-party citation upon Michael Wolf, and Third-Party Michael has already reserved his right to challenge on appeal the proper service of the third-party citation in his previous response **[Dkt. No. 76]**. This citation, *allegedly* served upon third-party Michael Wolf, seeks the discovery of assets which belong to a Delaware incorporated entity named MMQB, Inc., in satisfaction of a judgment entered by this Court against MMQB, Inc., in favor of a Chapter 7 bankruptcy estate in which Plaintiff Reid is currently acting as the Trustee.

1

## Introduction

After reading Plaintiff Reid's recently filed *RENEWED MOTION TO COMPEL MICHAEL WOLF TO TURNOVER AND DELIVER ASSETS AND PROCEEDS OR ALTERNATIVELY FOR ENTRY OF A JUDGMENT AGAINST HIM AND FOR OTHER RELIEF* **[Dkt. No. 93]** ("Renewed Motion")**, it has become clear that Plaintiff Reid is not seeking the turnover of actual assets belonging to MMQB, Inc., but rather is seeking to impose personal liability against Third-Party Michael, in the amount of $2,100,000:**

> Wherefore, for all of the foregoing reasons, the Trustee respectfully requests the Court to grant this motion and to: (1) to compel Michael to deliver the Monday Morning Quarterback publication and its income (whenever received from the advertisement and subscription agreements related to the publication) to the Trustee until the judgments are paid in full ($2,100,000); (2) enter a judgment against Michael in the amount of $2,100,000 to ensure turnover; (3) enjoin Michael from transferring or otherwise disposing of the publication and all income related to the publication of The Monday Morning Quarterback pending resolution of these supplementary proceedings; and (4) for all other appropriate relief.

In fact, Plaintiff Reid specially asks for the entry of a judgment in the amount of $2,100,000 against Third-Party Michael, as well as the turnover of *his* business (and somehow all of its future income, which would be hard for Third-Party Michael to generate if he had to turnover *his* business). Michael has already shown that *his* business could not be property of MMQB, Inc., as it includes assets such as his own domain name and website **mmqb.io**, his own subscribers and customers obtained from the **mmqb.io** website since 2020, and contains his own opinions written in weekly email newsletters, all of which he originally created and holds the copyrights to.

After a full examination, Plaintiff Reid was unable to describe a single asset in Third-Party Michael's possession that currently belongs to, or previously belonged to MMQB, Inc.

Instead, Plaintiff Reid is seeking the full turnover of Third-Party Michael's business (fully owned, operated and created by Third-Party Michael, under the fictious name MMQB, operating in the State of Florida as a sole proprietorship for more than four years now), which is outside the scope of supplementary proceedings. Further, Plaintiff Reid's demand for a liability judgment against Third-Party Michael, in any amount, is outside the scope of supplementary proceedings.

**Plaintiff Reid Confusion**

In an attempt to merge the turnover of assets (not that Plaintiff Reid is seeking the turnover of assets belong to MMQB, Inc., but rather the turnover of assets belonging to Third-Party Michael) with alleged fraudulent transfer claims, and by extension, successor liability via fraudulent transfers, Plaintiff Reid cites two Seventh Circuit cases in support.

Citing both *Dexia Credit Local v. Rogan*, 629 F.3d 612, 623 (7th Cir. 2010) and *Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 662-63 (7th Cir. 2009), Plaintiff Reid believes that he can, through a simple motion, litigate fraudulent transfer claims within supplementary proceedings, and therefore impose personal liability against Third-Party Michael.

However, Plaintiff Reid fails to point out that in both of these cases, the fraudulent transfers claims were being used to obtain the recovery of the actual assets that were transferred, not, as is the case here, to impose personal liability.

Notwithstanding the fact that Plaintiff Reid doesn't describe any assets belonging to MMQB, Inc. that are in the possession of Third-Party Michael, Plaintiff Reid doesn't even want any assets to be returned – rather he is seeking an order requiring Third-Party Michael to satisfy his $2,100,000 judgment against MMQB, Inc. In other words, he is seeking to impose personal liability against Third-Party Michael, to fully satisfy his judgment against MMQB, Inc.

The Seventh Circuit in *Dexia Credit Local*, as well as in *Star Ins. Co*, specifically stated that actions to create personal liability against a defendant were not available in supplementary proceedings, both citing multiple Illinois cases, in which the same conclusion was reached.

Supplementary proceedings are restricted to the turnover of assets which belonged to a judgment debtor – they may not be used to create liability, or to somehow recover "assets" which never belonged to the judgment debtor, or to use the future income made by a third-party to satisfy a judgment in which the third-party is not liable for.

This means that here, in these *instant* proceedings, Plaintiff Reid may not utilize these proceedings to obtain a $2,100,000 judgment against Third-Party Michael, nor may he utilize these proceedings to obtain an order turning over assets which never belonged to MMQB, Inc., nor may he seek the turnover of future income in Third-Party Michael's business to satisfy his judgment against MMQB, Inc., which would have the effect of creating a personal liability against Third-Party Michael.

## **Actual Case Law**

These third-party citation supplemental proceedings may only serve one purpose under Illinois law: To allow Plaintiff Reid to find assets belonging to MMQB, Inc., which are currently being held by Third-Party Michael, and to apply those assets to satisfy the judgment against MMQB, Inc. *Hayward v. Scorte*, 444 Ill. Dec. 406, 411 (Ill. App. Ct. 2020) ("These proceedings also allow plaintiffs to find any assets of the judgment debtor being held by third parties and apply those assets to satisfy the judgment. *R & J Construction Supply Co. v. Adamusik*, 2017 IL App (1st) 160778, ¶ 7, 410 Ill.Dec. 449, 70 N.E.3d 266."). Supplementary proceedings are post-judgment

processes that support the judgment creditor in asset discovery and final satisfaction of judgment. *Star Ins. Co. at* 662-663.

The Seventh Circuit also agrees that the scope of these supplemental proceedings are very limited, and are only intended to locate assets that belong to MMQB, Inc., which are now being held by Third-Party Michael. *Dexia Credit Local at* 623 ("we held that the allegations that must be made to pierce the corporate veil do not fall within the scope of supplemental proceedings wherein the only relevant inquiries are: "(1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment; or (2) **whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment.**" *Star Ins. Co.*, 561 F.3d at 660-61 (citing *Pyshos v. Heart-Land Dev. Co.*, 258 Ill.App.3d 618, 196 Ill.Dec. 889, 630 N.E.2d 1054, 1057 (1994)).") (Emphasis added.)

The Seventh Circuit in *Dexia Credit Local* specifically stated that fraudulent transfer actions within supplementary proceeds can't be used to impose personal liability. See *Dexia Credit Local* at 624 ("As long as the action seeks the judgment debtor's assets and does not concern personal liability, it falls within the scope of a supplemental proceeding. *Kennedy*, 216 Ill.Dec. 160, 664 N.E.2d at 1092-93 (explaining that a claim brought pursuant to the Fraudulent Transfer Act was properly brought in supplementary proceedings because it did not concern personal liability, but attempted to avoid the transfer of assets, sought recovery of the actual assets transferred, and ordered that the property be returned).")

It is clear that the imposition of personal liability within supplementary proceedings is forbidden by the Seventh Circuit, and all appliable Illinois Courts upon which the Seventh Circuit relies.

In relying on *Dexia Credit Local* and *Star Ins. Co.,* Plaintiff Reid must have **forgot** to mention this, since he relies on these cases to somehow impose personal liability against Third-Party Michael. Clearly, Plaintiff Reid is mistaken.

Plaintiff Reid also makes the same mistake in his Renewed Motion as to Illinois caselaw, when he relies on *Kennedy v. Four Boys Labor Service, Inc.*, 279 Ill.App.3d 361, 664 N.E.2d 1088 (1996) in support of the entry of "a judgment against Michael to satisfy the outstanding judgments for the benefit of Michael's creditors"[2].

Plaintiff Reid **forgets** to mention that, in reality, this case specifically denies the imposition of personal liability within supplementary proceedings. *Kennedy* at 366-367 ("However, an action to impose liability pursuant to the Business Corporation Act is an attempt to hold a corporate director personally liable for damages sustained by a creditor and is not concerned with the actual assets of the judgment debtor. See 805 ILCS 5/8.65(a)(2), 12.75 (West 1994). Such an action does not require allegations that assets of the judgment debtor are in the hands of a third party or that the third party is indebted to the judgment debtor. **Thus, because such an action imposes personal liability independent of the debtor's assets, such an action constitutes a separate action not properly brought in a supplementary proceeding.** See *Pyshos,* 258 Ill. App.3d at 623-24. Thus, the trial court erred in granting summary judgment as to count II.") (Emphasis added.)

The Seventh Circuit has recently revisited this, and has come to the same conclusion. *Kelley v. Stevanovich*, 40 F.4th 779, 785 (7th Cir. 2022) ("In defining the scope of supplementary proceedings, the *Dexia* Court explained that "[a]s long as the action seeks the **judgment debtor's assets** and **does not concern personal liability**, it falls within the scope of a supplementa[ry]

---

[2] See Dkt. No. 93, Page 16

proceeding." *Id.* at 624 (citing *Kennedy v. Four Boys Labor Serv., Inc.* , 279 Ill.App.3d 361, 216 Ill.Dec. 160, 664 N.E.2d 1088, 1092–93 (1996) )."). (Emphasis added.)

Further, in *Kelley*, the Seventh Circuit also ruled that supplementary proceedings may only be utilized by Plaintiff Reid to enforce his rights to collect on his judgment against MMQB, Inc., and not to bring claims that belong to MMQB, Inc., which would include any allegations that Third-Party Michael is somehow infringing on MMQB, Inc., rights and/or intellectual property. *See Kelley* at 785 ("It follows that a judgment creditor who begins a supplementary proceeding against a third party exercises his own right to enforce a judgment, not the judgment debtor's personal right to pursue the underlying claim against a third party. The focus is on the transfer itself and the underlying claim determines the transfer's validity.").

**In any event, it is clear that Plaintiff Reid is only interested in these proceedings to obtain a personal liability money judgment against Third-Party Michael, thus these *instant* supplementary proceedings should be dismissed, with prejudice.**

Other courts have ruled the same. Citation proceedings against third parties are intended for situations involving custodians who hold property for a judgment debtor but have no legal right or claim to the property; **courts may not, in a supplementary proceeding, adjudicate the substantive property rights of judgment debtors or third parties**. *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 322 (5th Cir. 2006). (Emphasis added.)

While Illinois law governs this issue and should be dispositive, Third-Party Michael further notes that allowing complicated claims in supplementary proceedings is bad policy. Supplementary proceedings are supposed to be swift, cheap and informal. *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) ("We are dealing with *supplementary* proceedings; and while for some purposes, such as appealability, they are fruitfully analogized to regular civil proceedings, the analogy becomes strained when procedure at the trial level is in issue. Proceedings to enforce

7

judgments are meant to be swift, cheap, informal. *Bank of Aspen v. Fox Cartage, Inc.,* 126 Ill.2d 307, 127 Ill.Dec. 952, 955, 533 N.E.2d 1080, 1083 (1989).") That is why Illinois law prohibits courts from adjudicating third parties' property rights under such theories as the alter ego doctrine within a supplementary proceeding. See *Star Ins. Co.*, at 656.

### Lack of Personal Jurisdiction and Violation of Due Process Rights

As already demonstrated, Plaintiff Reid is seeking the imposition of personal liability through a judgment against Third-Party Michael. Such an action is not permissible within supplementary proceedings. But, even if they were, this Court does not have personal jurisdiction over Third-Party Michael, to determine his property rights and to impose personal liability against him. So, to Plaintiff Reid, these proceedings involve an attempt to impose personal liability against Third-Party Michael, for actions that he has allegedly taken since 2020, when he began operating a sole proprietorship under the fictitious name MMQB in the State of Florida, creating and operating his **mmqb.io publication**, which is his own publication, created and operated by himself.

Because this Court is therefore sitting in diversity (Plaintiff Reid against Third-Party Michael), it may exercise personal jurisdiction over Third-Party Michael only if an Illinois state court could. *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). Because Illinois' long-arm statute is co-extensive with state and federal due process requirements and no case has found the Illinois Constitution more restrictive than the United States Constitution, courts generally proceed directly to the minimum contacts test under federal law. *Id.* at 761.

The Fourteenth Amendment of the United States Constitution prohibits the states from exercising personal jurisdiction over out-of-state residents unless he or she has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional

8

notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Under this standard, a court may exercise personal jurisdiction over an out-of-state resident only if he "purposefully avail[ed] [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 475 (1985) (quoting *Hansen v. Denckla*, 357 U.S. 235, 253 (1958)). In other words, the defendant's "conduct and connection with the forum" must be sufficient that he could "reasonably anticipate being haled into court there." *Id.* at 474-75 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

It is well settled that a district court cannot, consistent with due process, use a turnover proceeding to adjudicate the property rights of third parties who are not amenable to jurisdiction in that forum. *Bollore S.A.* at 324 ("**Therefore, consistent with due process, a court may not — as the district court attempted to do in this case — use the turnover statute to adjudicate the rights and seize the assets of a third party who might not otherwise be amenable to jurisdiction in that court.**"). (Emphasis added.)

For these reasons, this Court does not have personal jurisdiction over Third-Party Michael with respect to any allegations, claims or other demands outside of the specific turnover and recovery of property actually belonging to MMQB, Inc. No such property has been identified.

Plaintiff Reid is only interested in obtaining a judgment against Third-Party Michael to satisfy his judgment against MMQB, Inc., and/or in the turnover of Third-Party Michael's property, this Court does not have personal jurisdiction over Third-Party Michael, as Third-Party Michael, and his sole-proprietorship business operating under the fictitious name MMQB in the State of Florida since 2020, owner of the **mmqb.io publication**, have no personal contacts to Illinois, and Michael has been a resident of Florida since 2018.

**CONCLUSION**

This Court lacks personal jurisdiction over Third-Party Michael, with regards to any actions outside of the specific turnover of property belonging to MMQB, Inc., or the avoidance of any specific property actually belonging to MMQB, Inc., that was *allegedly* fraudulently transferred to Third-Party Michael, as long as the requested relief is for the return of the fraudulently property.

Here, Plaintiff Reid is clearly not interested in the turnover and recovery of assets belonging to MMQB, Inc. (of which he did not describe any, even after multiple examinations), but rather the imposition of personal liability through a monetary judgment against Third-Party Michael. Plaintiff Reid, sitting in Illinois, represents a bankruptcy estate with a judgment against MMQB, Inc. Defendant Third-Party Michael, is and has long been a resident of the State of Florida, where he created and operates his **mmqb.io publication** as a sole proprietorship under the fictitious name MMQB, with authority granted to him by the State of Florida. Third-Party Michael, nor his sole-proprietor business, has any contacts to Illinois. This *instant* case within these *instant* supplementary proceedings, are intended to cause personal liability to be placed on Third-Party Michael, over a business he created and has always operated, more than four years ago, in 2020, and continues to operate, all while being a resident of the State of Florida.

As such, sitting in diversity, this Court, located in Illinois, may not exercise personal jurisdiction over Third-Party Michael, a resident of the State of Florida.

Further, even if this Court had personal jurisdiction over Third-Party Michael, it lacks subject matter jurisdiction over the "claims" presented by Plaintiff Reid (through a motion for turnover), as this Court, operating under the guise of supplementary proceedings (initiated with the *alleged* service, in Florida, for a Third-Party Citation to discover assets of MMQB, Inc.), does not have the authority to adjudicate claims that would result in the imposition of personal liability, nor

does it have authority to adjudicate claims that would determine the property rights of a third-party in Florida, where said property is not claimed to be and could not be property of MMQB, Inc.

It's clear this Court may only order the return of property that belongs to MMQB, Inc. (no such property has been described), or avoid the fraudulent transfer of property belonging to MMQB, Inc., if the remedy is the return of said property (again, no such property has been described). Instead, Plaintiff Reid demands a judgment and the imposition of personal liability against Third-Party Michael, in order to fully satisfy his judgment against MMQB, Inc., which this Court can't do – it lacks subject matter jurisdiction at the heart of Plaintiff Reid's "claims" against Third-Party Michael, since these *instant* proceedings only exist under FRCP 69, as supplementary proceedings, under Illinois law which governs the collection of assets of MMQB, Inc. only.

Wherefore, it is clear what Plaintiff Reid is trying to do. He specifically misleads this Court about its authority to adjudicate claims that result in liability being imposed against Third-Party Michael, or claims that somehow Michael is infringing on MMQB, Inc.'s intellectual property or other rights (or is a successor).

As a matter of law, it is time to end these supplementary proceedings, with prejudice, as they are being used in a way by Plaintiff Reid to obtain relief which is unavailable in supplementary proceedings, and obtain relief in which this Court lacks both subject matter jurisdiction and personal jurisdiction over.

**These proceedings must be dismissed and closed, as a matter of law, with prejudice.**

Dated: January 23, 2025

Prepared By:
11509 Gramercy Park Ave
Bradenton, FL 34211
(601) 780-9585
wolflegalusa@gmail.com

Respectfully Submitted,

/s/Michael Wolf
Michael Wolf, *pro se*

## CERTIFICATE OF SERVICE

      I, Michael Wolf, hereby certify that I caused a true and correct copy of the foregoing *THIRD-PARTY MICHAEL WOLF'S MOTION TO DISMISS THESE SUPPLEMENTARY PROCEEDINGS*, and the documents referred to therein, to be served on the parties listed below via third-party commercial carrier and/or mail, and/or via email, and/or via fax, as well as electronically via the Court's CM/ECF system (all as indicated below on the service list), on the 23rd day of January, 2025 (depending on the time zone).

**SERVICE LIST**

via ELECTRONIC MAIL (and via CM/ECF where noted):

| | | |
|---|---|---|
| N. Neville Reid | CM/ECF | nreid@foxswibel.com |
| Daniel Patrick Dawson | CM/ECF | adrag@nisen.com, ddawson@nisen.com |
| U.S. Bankruptcy Court, Clerk | | ilnb.appeals@ilnb.usCourts.gov |

United States Trustee
adam.g.brief@usdoj.gov
adam.brief@usdoj.gov
USTP.Region11@usdoj.gov

      Dated: January 23, 2025

                                                  /s/Michael Wolf