IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|    Michael A. Wolf, | ) | |
| | ) | |
|            Debtor. | ) | No. 19 C 1978 |
| | ) | |
| | ) | |
| N. Neville Reid, not individually, | ) | |
| but solely in his capacity as Chapter 7 | ) | |
| Trustee for the bankruptcy estate of | ) | |
| Michael A. Wolf | ) | |
| | ) | (Bankruptcy Case No. 14 B 27066) |
|            Plaintiff, | ) | |
|    v. | ) | |
| | ) | |
| MMQB, Inc., Michael Wolf, | ) | |
| Scott Wolf, et al. | ) | |
| | ) | |
|            Defendants. | ) | |

**TRUSTEE'S MOTION FOR ORDER OF CONTEMPT AGAINST MICHAEL WOLF**

N. Neville Reid, not individually but solely as chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Michael Wolf as the Trustee's Motion For Order Of Contempt Against Micheal Wolf (the "Motion"), states as follows:

### Introduction

1.  On April 7, 2023, Michael Wolf ("Michael") was served with an Alias Citation To Discover Assets (the "Citation"). [Dkt. 64]

2.  After Michael failed to produce any documents or appear as required, the Trustee filed a motion for a rule to show cause why Michael should not be held in contempt (the Trustee's "First Motion To Show Cause").

3.  On May 25, 2023, the court granted the Trustee's First Motion To Show Cause

and set an in-person hearing for May 31, 2023 noting that "a failure to appear may result in the debtor being held in contempt of Court." [Dkt. 70]

4. On or about May 31, 2023, Michael apparently contacted the Court and advised the Court that he was not served and was not aware of the proceedings until just then. Based on this, the Court granted Michael time to respond.

5. In response, Michael filed a motion "…To Quash Citations, To Strike Plaintiffs Motion For A Rule To Show Cause, And Strike Pending Contempt Hearing, All For Improper Service." [Dkt. 71]

6. After a full briefing on the subject, on March 30, 2024 the Court denied Michael's motion and shortly thereafter ordered Michael to produce the required documents by the first week of May and then appear for his examination on May 14, 2024.

7. On May 14, 2024 (over one year after he was served) Michael finally appeared for his citation examination via Zoom. However, as part of Michael's continued refusal to obey process and Court orders, Michael's "appearance" was the only part of the Court's order that he obeyed.

8. Specifically, in contempt of this Court's order, Michael failed to produce *any* of the documents he was required to produce by the first week of May or to substantively answer any questions related to the Monday Morning Quarterback publication (the primary asset of MMQB, Inc. that Michael converted and still remains in possession of) at a citation examination taken via zoom.

9. Instead, Michael stated that he refused to produce any documents and did not even look for any. [See, Dkt. 87-2 p. 17, lines 19-24] Michael then refused to answer any

2

substantive questions related to the Monday Morning Quarterback at all.[1] [Dkt. 87-2, *passim*]

10. As a result, the Trustee filed a Second Motion To Show Cause and, on June 20, 2024, the Court granted the Trustee's Second Motion To Show Cause and set an in-person hearing on July 18, 2024. [Dkt. 88]

11. At the second show cause hearing held on July 18, 2024, Michael appeared in person and the Court heard Michael's "excuses" for not complying with the Citation and the Court's orders previously. At that point, the Court very specifically ordered:

> Show cause hearing held and continued to 9/18/24 at 2:00 p.m., at which time a further court−supervised hearing on citation to discover assets will be conducted. Mr. Wolf is personally required to appear. Respondent advised by Court that documents probative of Respondent's relationship to any publication or entity bearing "Monday Morning Quarterback" in its name or that is otherwise affiliated with, connected to, or derived from, MMQB, Inc., are within the scope of the citation. Mr. Wolf is directed to conduct a diligent search for responsive documents in his possession, custody, or control, and to produce responsive documents to the Trustee's counsel on or before August 19, 2024. [Dkt. 90]

12. On or about August 19, 2024, Michael produced his personal bank statements (revealing where the money from the Monday Morning Quarterback publication was being deposited) and his personal tax returns for the years 2020, 2021 and 2022. [Dkt. 99; Exhibit 11]

13. On September 18, 2025, Michael appeared for the continued show cause hearing and his court–supervised Citation examination but, as part of Michael's continued refusal to obey process and court orders, Michael failed to produce the great majority of the documents he was required to produce.

14. In fact, Michael failed to produce any documents in response to the following portions of the Citation To Discover Assets:

---

[1] For a more detailed summary of Michael's refusal to answer any substantive questions related to the Monday Morning Quarterback publication (the primary asset of MMQB Inc.) at his first Citation examination, please see Trustee's Second Motion To Show Cause. [Dkt. 87]

3

**Request No. 23:**

All communications by or to Michael Wolf, Scott Wolf, or Melissa Skolnick related to The Monday Morning Quarterback business, the Judgment Debtor or its Successor Entity during the Relevant Period;

**Request No. 27:**

All documents related to MMQB, Inc.'s or its Successor Entity's operation and publishing of the Monday Morning Quarterback and any other publication.

**Request No. 28:**

If MMQB, Inc. is no longer publishing the Monday Morning Quarterback, all documents related to MMQB Inc's cessation of publishing the Monday Morning Quarterback including but not limited to:

(a) all contracts related to any sale, purchase, assignment, or transfer of any assets or stock of MMQB, Inc. or its Successor Entity;

(b) all contracts with MMQB, Inc. or its Successor Entity in place on or about the date MMQB, Inc. allegedly ceased publishing the Monday Morning Quarterback including without limitation all contracts related to advertisements, subscriptions, leases, utilities, telephones, internet services, payroll services, credit cards, insurance, and bank accounts;

(c) the identity of the present publisher of the Monday Morning Quarterback including "the latest MMQB Issues" identified on the website at "MMQB.io";

(d) the identity of all persons and entities who owned or controlled the website located at "MMQB.com" during the Relevant Period;

(e) the identity of all persons and entities who owned or controlled the website located at "MBQB.io" during the Relevant Period;

(f) the identity of all persons and entities involved in the production of the Monday Morning Quarterback including "the latest MMQB Issues" identified on the website at

4

      "MMQB.io" during the Relevant Period;

(g)    the identity of all persons and entities presently publishing the Monday Morning Quarterback including "the latest MMQB Issues" identified on the website at "MMQB.io";

(g)    all agreements with SteelCase, Herman Miller, Haworth, Kimball International, Knoll International, Krueger International, Domore, Jami, Hon Industries, and Teknion (including both advertising and subscription agreements) existing on or about the time MMQB, Inc. ceased publishing the Monday Morning Quarterback; and

(h)    all agreements between SteelCase, Herman Miller, Haworth, Kimball International, Knoll International, Krueger International, Domore, Jami, Hon Industries, and Teknion (including both advertising and subscription agreements) and the present publisher of the Monday Morning Quarterback including "the latest MMQB Issues" identified on the website at "MMQB.io"

**Request No. 31:**

All documents which refer or relate to any and all advertisers, subscribers, customers and any and all other persons or entities which have done or are doing business of any type or nature with the Judgment Debtor or its Successor Entity during the Relevant Period;

**Request No. 32:**

All documents which refer or relate to any and all advertisers, subscribers, customers and any and all other persons or entities which (i) have done business of any type or nature with the Judgment Debtor or its Successor Entity during the Relevant Period, and (ii) have at any time or are now doing business with any other entity or operation, including any entity or operation as to which Michael Wolf has any role or control, including as an employee, employer, consultant, owner, officer, director, or principal;

**Request No. 33:**

All documents which refer or relate to any relationship between (i) Judgment Debtor (or its Successor Entity) and (ii) Michael Wolf during the Relevant Period; and

**Request No. 34:**

> All documents which refer or relate to any relationship between (i) the Judgment Debtor (or its Successor Entity) and (ii) Michael Wolf. This would include, but not be limited to, all documents related to any entity, website, or business operation publishing the Monday Morning Quarterback including "the latest MMQB Issues" identified on the website at "MMQB.io" as well as any other business which Michael Wolf was affiliated with in any way (such as editor, owner, employee, employer, consultant, officer, director, or principal).

15. Worse yet, at the in-person second continued show cause hearing (and simultaneous examination), Michael admitted he had not produced any documents as originally required by April 18, 2024, [Dkt. 93-22; Ex. 15, p. 6, lines 4 – 19] and then claimed that after "the Court expanded its definition of documents … he *complied* with the Court's order." [Dkt 93-22; Ex. 15, p.8, lines 1-4]

16. Of course, both of these are false.

17. The definition was there all along[2] [Dkt. 64; Ex. 1 Citation, p. 9, Request #2, p.14 Interrogatory #1]

18. In addition, Michael *never complied* with the Court's order because he *never produced* any of the documents noted above including: (a) any correspondence; (b) any documents related to the operation and publishing of the Monday Morning Quarterback; (c) any documents which refer or relate to advertisers or subscribers; (d) any documents related to the website; or (e) any documents related to the business operation, etc.

19. The only documents Michael produced were bank account statements (albeit without any copies of the checks and other underlying documents) and tax returns for the years 2020 through 2022. [Dkt. #99; Ex. 11 (A) – (H)]

---

[2] In the Citation, the Trustee defined the term "Successor Entity" as the "publisher of the Monday Morning Quarterback *including 'the latest MMQB Issues' identified on the website located at "MMQB.io" (i.e. its "Successor Entity")*.

20. Even worse, Michael testified that he *could have produced* a list of subscribers and advertisers but he did not [Dkt. 93-22; Ex. 15, p. 26, line 5 through p.28. line 21] Then, to add insult to injury, Michael argued in his response to the Trustee's Motion For Turnover that "Plaintiff Reid has not alleged or provided any evidence that any subscribers or customers or assets belonging to MMQB Inc. were transferred to Third Party Michael…" [Dkt. #100; Response p. 11]

21. While the few documents Michael produced are sufficient to prove he took and converted the primary asset of the judgment debtor MMQB Inc., to the extent the Court wishes to see more evidence, the Court should not dismiss these supplementary proceedings but rather hold Michael in contempt for his continued failure and refusal to comply with the Citation and this Court's orders.

22. In connection with the finding of contempt, the Court should fine Michael a reasonable amount to pay for the time and expense incurred by counsel for the Trustee for all of the work done related to the Citation to date including the preparation and taking of both Citation examinations as well as the preparation of the two Motions To Show Cause. Moreover, unless the Trustee's Motion For Turnover is completely granted without the need for any additional hearings, the Court should also order Michael to produce the remainder of the documents and fine Michael a specific amount each day he continues to fail to do so.

Wherefore, for all of the foregoing reason, N. Neville Reid, not individually but solely as chapter 7 trustee of the bankruptcy estate of Michael Wolf, respectfully requests this Court to enter an order: (1) holding Michael in contempt for not complying with the Alias Citation and this Court's orders: and (2) unless the Trustee's Motion For Turnover is completely granted without the need for any additional hearings, order Michael to produce the remainder of the

7

documents and fine Michael a specific amount for each day he continues to fail to do so; and (3) that Michael must pay counsel for the Trustee all of his fees and costs related to the Citation to date including the preparation and taking of both Citation examinations as well as the preparation of the two Motions To Show Cause and this motion; and (4) for all other and further relief that this Court deems just.

                                                Respectfully Submitted,

                                                N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Michael A. Wolf,

                                                /s/ Daniel P. Dawson
                                                One of his attorneys

Daniel P. Dawson (ARDC #6199728)
Nisen & Elliott, LLC
180 N. LaSalle Street, Suite 3600
Chicago, Illinois 60601
(312) 346-7800
ddawson@nisen.com
adrag@nisen.com

8

## CERTIFICATE OF SERVICE

      I, Daniel P. Dawson, certify that on February 13, 2025, I caused a copy of the foregoing to be filed electronically through the Court's CM/ECF filing system which will cause the document to be served upon all parties electronically through the Court's CM/ECF filing system, and also served additional parties as listed on the attached Service List as indicated.

                                        /s/ Daniel P. Dawson

Daniel P. Dawson (ARDC #6199728)
Nisen & Elliott, LLC
180 N. LaSalle Street, Suite 3600
Chicago, Illinois 60601
(312) 346-7800
ddawson@nisen.com
adrag@nisen.com

## SERVICE LIST

*Via ECF Service*

| | |
|---|---|
| U.S. Bankruptcy Court, Clerk | ilnb.appeals@ilnb.usCourts.gov |
| United States Trustee | pat.s.layng@usdoj.gov |
| Scott Wolf | scottwolf.0330@gmail.com |

*Via U.S. First Class Mail*

Michael Wolf
11509 Gramercy Park Ave.
Bradenton, FL 34210-8461